### GARDNER et al. v. HERSHEY et al.

INJUNCTION—*When should be made perpetual.*—Lands were mortgaged, with power of sale, to secure payment of note; note was assigned; assignor and assignee each demand payment in his own right; the lands were advertised for sale. On bill by mortgagor, offering to pay, praying that receiver be appointed, claimants required to interplead, and sale be enjoined. *Held:* That, after interpleader was decided, and payment by receiver, it was error to dissolve the injunction, but that the same should have been made perpetual.

APPEAL FROM SEBASTIAN CIRCUIT COURT.

HON. E. D. HAM, *Circuit Judge.*

*B. T. Du Val* and *A. H. Garland,* for Appellants.
*Rose & Green,* for Appellee.

GREGG, J.—The appellants, as heirs of John Gardner, deceased, filed their complaint in equity against the appellees, alleging that John Gardner, in his lifetime, borrowed one thousand dollars of the appellees, Sarah, and Nancy Clark, now deceased; and, to secure the re-payment of said sum, he gave them a mortgage, with power of sale, on certain real

property; that the defendant, Hershey, claimed to be the assignee of said Sarah, and the absolute owner of the demand against the estate of John Gardner, and that, as such assignee, he had advertised for sale the lands embraced in said mortgage, etc., and that said Sarah also claimed to be the absolute owner of said demand. She denied that she had transferred the title therein to Hershey, and said the note had only been assigned to him, as security, and for collection. Each party had demanded the money, and forbid its payment to the other. Appellants could not tell to whom payment should be made, and they offered to pay as the Chancellor might direct, and prayed for an injunction, and that the parties might be required to interplead, and have their rights determined by the court. The Chancellor ordered that the money be paid to a receiver, and that injunction then issue against the sale. Hershey and Clark interpleaded; the court found for Hershey, and ordered the money paid over to him, and that Clark pay ten per cent. on the amount, as damages, for the delay caused by the injunction, and decreed accordingly; and also decreed that the injunction be dissolved. Gardner appealed.

So far as the record shows, there was no objection made to any ruling in the court below; no bill of exceptions filed, or appeal prayed; in fact, nothing tending to show that the parties did not all intend to abide the rulings and decrees of that court. But, after that court had adjourned, an appeal was obtained from the clerk of this court, from which we might infer the record entry dissolving the injunction was inadvertently made, and that counsel, not being as vigilant as they should have been, failed to scrutinize this record until after the close of that court. Be this as it may, when the Gardners paid all the money demanded of them, as they did, Hershey had no right to ask a dissolution of the injunction, and the order restraining him from selling the property should have been made perpetual.

The decree is reversed, and a perpetual injunction will be entered in this court.